332 F.2d 559
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LOCAL 1291, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION and International Longshoremen's Association and Their Agents James T. Moock, Clifford Carter and Richard Askew, Respondents.
 No. 14737.
 United States Court of Appeals Third Circuit.
 Argued May 22, 1964.
 Decided June 4, 1964.
 
 Joseph C. Thackery, N. L. R. B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, Melvin J. Welles, Attorneys, National Labor Relations Board, on the brief), for petitioner.
 Martin J. Vigderman, Philadelphia, Pa. (Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for respondents.
 Before KALODNER, GANEY and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board found that respondents violated Section 8(b) (4) (i) (ii) (B) and (D) of the National Labor Relations Act, as amended,[1] by inducing and encouraging employees of Jarka Corporation, to engage in a strike or refusal in the course of their employment to perform services, and by threatening, coercing, and restraining officials of Pennsylvania Sugar Division, National Sugar Refining Company, and officials of Jarka with the dual objects of: (a) forcing or requiring Jarka to cease doing business with National, and (b) forcing or requiring National to assign certain sugar sampling work and the operation of a rotary railroad car dump at National's Philadelphia refinery to employees represented by respondent Local 1291, rather than to National's employees represented by Local 1648 Sugar Refinery Workers, AFL-CIO.
 
 
 2
 The Board's Order, now presented for enforcement, requires respondents to cease and desist from engaging in, or inducing or encouraging any individual employed by Jarka or any other employer, to engage in a strike or refusal in the course of his employment, to perform any services, or from threatening, coercing, or restraining National, Jarka, or any other employer, where an object thereof, in either case is: (1) to force or require Jarka or any other employer to cease doing business with National; (2) to force or require National to assign sampling or rotary railroad dump work to employees represented by Local 1291 rather than to employees represented by Local 1648. The Order also directs respondents to post appropriate notices.
 
 
 3
 On review of the record we cannot say that it is lacking in substantial evidence to support the Board's findings, or that the Board's assessment of the conduct and motivations of the respondents transgressed the permissible limits of discretion confided to it by the Act. National Labor Relations Board v. Erie Resistor Corp. et al., 373 U.S. 221, 83 S.Ct. 1139, 10 L.Ed.2d 308 (1963).
 
 
 4
 For the reasons stated the Board's petition for enforcement will be granted.
 
 
 
 Notes:
 
 
 [1]
 29 U.S.C.A. § 158